87/7UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECA ENYIA,

        Plaintiff,

v.

THE FEDERAL HOME LOAN MORTGAGE CORPORATION & JP MORGAN CHASE BANK NATIONAL ASSOCIATION,

        Defendants.

_____/

CASE NO. 12-12118

HON. MARIANNE O. BATTANI

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

Before the Court is Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and JP Morgan Chase Bank NA's ("Chase") Motion to Dismiss (Doc. No. 7). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court grants Defendants' motion.

**I.   INTRODUCTION**

Plaintiff Rebeca Enyia filed a Complaint for Quiet Title and Other Relief in Oakland County Circuit Court. (Doc. No. 1, Ex. A). Her claims arise out of property purchased in July 2003 by Donald Ferrebee and Nirmala Ferrebee. Ferrebees received a $106,000 loan from Genesis Mortgage Corporation ("Genesis") to purchased real property located at 24420 Connecticut, Southfield Michigan, and executed a Note and Mortgage. (Doc. No. 7, Ex. A). The Mortgage designates Mortgage Electronic Registration Systems (""MERS"), as Nominee for the lender, and authorizes MERS to foreclose and sell the property. (Doc.

No. 7, Ex. 2).

On September 2, 2010, Plaintiff received a Quit Claim Deed for the property from Donald Ferrebee, which was recorded the same day. (Doc. No. 7, Ex. B). On October 27, 2011, MERS assigned the Mortgage to Chase. (Doc. No. 7, Ex. C). Ferrebees defaulted on the Loan, and the Mortgage was foreclosed by advertisement and purchased by Freddie Mac at a sheriff's sale held December 20, 2011. (Doc. No. 7, Ex. D).

Plaintiff filed her complaint in Oakland County Circuit Court on April 12, 2012, seeking to quite title to the Property and to force a modification of Ferrebees' Loan. In her Complaint, Enyia advances claims for Quiet Title (Count I), Unjust Enrichment (Count II), Breach of Implied Agreement/Specific Performance (Count III), and Breach of Mich. Comp. Laws § 600.3205(c) (Count IV). Defendants ask the Court to dismiss the Complaint.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544,

570 (2007).  Although the federal procedural rules do not require that the facts alleged in the complaint be detailed, "'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombley, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### III.  ANALYSIS

Defendants maintains that Plaintiff lacks standing to proceed and seek dismissal on this basis as well as other grounds. Defendants observe that pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished.  See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).  Defendants are correct that the redemption period expired on June 20, 2012, and the Property was not redeemed.  They conclude that, based upon this authority, Plaintiff lacks standing to challenge the foreclosure and/or sheriff's sale.

Although Defendants are correct that the redemption period has expired, under Michigan law, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity.  Id., at *1.  Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting

aside a foreclosure sale).

Here, Enyia has advanced no good reason to set aside the foreclosure sale. Her claims build on her allegation that she has attempted to negotiate a loan modification since the sheriff sale. She alleges that Defendants acted with intent "to preclude [her] from entering into a Loan Modification or a negotiated settlement to keep possession of [the] home." (See Compl. at ¶ 12). Plaintiff was not a party to the Mortgage or Loan, she fails to state a claim for which relief can be granted. Moreover, the Mortgage included a provision prohibiting the Ferrebees from selling or transferring any part or interest in the property without the Lender's prior written consent. (Doc. No. 7, Ex. 2 at ¶ 18). Enyia simply has no legal right superior to the foreclosing party, and her claim for Quiet Title must be dismissed.

Even if Plaintiff were in a position to bring such a claim, the statute of frauds bars claims against a financial institution in the absence of a signed writing that substantiates the claims. See Mich. Comp. Laws. § 566.132(2). Because of it sweeping reach, the governing statutory provision precludes any claim, regardless of how it is labeled "against a financial institution to enforce the terms of an oral promise . . . ." Crown Technology Park v. D&N Bank, FSB, 619 N.W.2d 66 (Mich. Ct. App. 2000); Williams v. JP Morgan Mortgage Acquisition Corp., No. 09-12106, 2010 WL 1052356 (E. D. Mich. Mar. 19, 2010). Accordingly, the Court finds that the statute of frauds precludes Enyia's request for Quiet Title (Count I), Unjust Enrichment (Count II), and Breach of Implied Agreement/Specific Enforcement (Count III).

In Count IV, Plaintiff alleges that the initiation of foreclosure by advertisement violated Mich. Comp. Laws § 600.3205c, which sets forth a process for mortgage loan modification. Section 600.3205c reads in relevant part:

> If a **borrower** has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.

MICH. COMP. LAWS § 600.3205c(1) (emphasis added). Plaintiff's statutory claim is deficient. The statute addresses the rights of a borrower. Enyia is not a borrower. Finally, even if Plaintiff were entitled to the statutory protection, she has not articulated any facts supporting the occurrence of a violation or how a violation would authorize the Court to set aside the foreclosure. Section 600.3205c(8) allows a mortgagor to file an action to convert a foreclosure by advertisement into a judicial foreclosure. The statutory remedy available to Enyia, assuming she was eligible, requires her to act before the consummation of the foreclosure by advertisement. The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

Date: August 31, 2012

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager